# CIRCUIT COURT OF FAIRFAX COUNTY

Harnett

    v.

Equity Programs
Investment Corp., et al.

## July 9, 1986

## Case No. (Chancery) 95800

## By JUDGE THOMAS A. FORTKORT

This case came to be heard upon defendants' demurrer upon oral presentation on April 11, 1986, which the Court took under advisement. Thereafter counsel for plaintiff and counsel for the defendant submitted written memorandum.

The defendants demur to plaintiff's bill of complaint on two grounds.

1. Defendant Maryland Deposit Insurance Fund Corporation (hereinafter referred to as MDIF) has sovereign immunity against plaintiff's claim.

2. The statute under which the plaintiff is proceeding, Va. Code Section 13.1-75, was repealed on January 1, 1986.

A brief summary of facts will bring the issue into sharper focus.

Plaintiff Harnett was the owner of 1250 shares of common stock of defendant Equity Programs Investment Corporation ("EPIC"), a Virginia corporation. On March 14, 1983, EPIC merged into Community Savings and Loan Service Corporation ("CSC"), a Maryland corporation. The surviving corporation is also named EPIC, and is a Maryland corporation with its principal place of business in Falls

Church, Virginia. CSC was a wholly owned subsidiary of Community Savings & Loan, Inc. ("CS&L"), a Maryland stock savings and loan.

Harnett brought an action for fraud and other wrongful activities against EPIC, CS&L, and the principal stockholders and directors of those companies in the U. S. District Court for the Eastern District of Virginia. The case was resolved by an order of Judge Albert V. Bryan, Jr., dated February 16, 1984. The order stated that the parties had agreed to settle the case by defendants' allowing the plaintiff to exercise his appraisal rights, that the remaining Counts were dismissed, and that the dismissal of Count V was not deemed to prejudice the plaintiff's right to assert the facts underlying the derivative action of Count V (Breach of Fiduciary Duty) as those facts might affect the value of plaintiff's stock. The order also stated that discovery conducted in the action would be available for use in the appraisal proceedings.

Thereafter, Harnett took steps to bring this appraisal action currently before the Court. Harnett filed a written notice of dissent on February 13, 1984. In response, EPIC made a written offer to pay Harnett the sum of $61,285.00 for his stock. Harnett rejected the offer on February 15, tendered his stock certificates to EPIC on February 17, and demanded that it file a Bill of Complaint to determine the fair value of the stock.

EPIC initiated an appraisal proceeding in this Court by filing a Bill of Complaint for Determination of Fair Value of Stock on March 7, 1984 (*EPIC v. Harnett*, Chancery No. 86398). While this suit was pending, the Maryland Deposit Insurance Fund Corporation ("MDIF") was appointed conservator for CS&L and its subsidiaries, including EPIC. The conservator has asserted dominion and control over EPIC's activities. MDIF entered an appearance on behalf of EPIC in January of 1986. A hearing before a Commissioner in Chancery was scheduled for February 24, 1986. However, on January 20, 1986, MDIF, purporting to act on behalf of EPIC, stated its intention to nonsuit the appraisal proceeding.

Harnett took the position that MDIF's intended action would abrogate the terms and conditions under which Harnett's prior federal suit was dismissed, and therefore made a motion in federal district court for relief from the judgment. The court denied the January 31, 1986,

motion on the ground that it was not satisfied that a fraud had been committed sufficient to justify such relief. During the hearing, MDIF as representative for EPIC stated that they would not object to Mr. Harnett bringing an appraisal action, but that it was EPIC's position that such action should be brought in Maryland. Judge Bryan did not rule on the issue of where the appraisal action should be brought and declined to decide whether the appraisal action could be brought at that time.

The Fairfax Circuit Court granted EPIC's motion for nonsuit on February 19, 1986. On February 20, 1986, Harnett initiated the appraisal proceeding presently before the Court. EPIC and MDIF filed a Demurrer on March 18, 1986, and Harnett subsequently filed a Motion to Strike the Demurrer.

Defendants have demurred to the Bill of Complaint on the ground that defendant MDIF, as an agency of the State of Maryland, is immune from suit by virtue of sovereign immunity. Plaintiff concedes, and defendants apparently agree, that MDIF is not an indispensable party to these proceedings. Plaintiff agrees that the Court should dismiss MDIF as an unnecessary formal party. Once the court has dismissed the action as against MDIF, the sovereign immunity claim would appear to be moot. Indeed, defendants argue only for sustaining the Demurrer as to MDIF in their Memorandum in Opposition to Plaintiff's Motion to Strike Defendant's Demurrer. Also, Defendants stated in the hearing on the Demurrers before this Court that they were not asserting immunity with respect to EPIC.

Defendants have demurred on the ground that Plaintiff no longer has a cause of action because the statute upon which his action was based, Va. Code Section 13.1-75, was repealed by legislation effective January 1, 1986. Defendants argue that the repeal of a statute extinguishes any rights that may have existed under the statute. Defendants' position is that because Harnett did not even file a notice of dissent to the merger until one year after the merger occurred, Harnett failed to perfect his right to a determination of the value of his stock, and therefore any rights he may have had under the former statute expired with the statute's repeal. Consequently, defendants argue, Va. Code Section 1-16, a savings provision that saves a "right accrued, or claim arising under the

former law" would not save this cause of action because no right of plaintiff ever "accrued" nor did any claim of plaintiff ever arise. Defendants' final line of argument is that Section 1-16 does not apply for the further reason that it does not affect matters of remedy and procedure. Defendants claim that the appraisal statute concerns merely matters of remedy and procedure, rather than matters of substantive law.

Defendants' arguments are largely without merit. Va. Code Section 13.1-75 was repealed effective January 1, 1986, and replaced by Va. Code Section 13.1-729 *et seq.* The new statutory scheme alters the procedures by which a shareholder who dissents to a merger can obtain appraisal rights. In general, statutes are presumed to have been intended by the legislature to operate prospectively, unless a clear legislative intent to the contrary is manifest. *Ferguson v. Ferguson*, 169 Va. 77, 192 S.E. 774 (1973). The Virginia legislature has expressly adopted this rule of construction for all new statutes:

> No new law shall be construed to repeal a former law. . . as to. . . any right accrued, or claim arising under the former law, or in any way whatever to affect such. . . right accrued, or claim arising before the new law takes effect; save only that the proceedings thereafter had shall conform, so far as practicable, to the laws in force at the time of such proceedings.

Va. Code Section 1-16; *see also Ferguson*, 169 Va. 77 at 86. In *Ferguson*, the court held that an amendment to a statute which shortened the statute of limitations for impeachment of a will from two years to one year was prospective in operation. *Ferguson*, 169 Va. 77 at 84-88. Like the statute of limitations in *Ferguson*, the appraisal statute delineates the substantive right the plaintiff has; it "confers both a right of action and a remedy." *Ferguson*, 169 Va. 77 at 87. Consequently, if Harnett had a cause of action for appraisal or had instituted proceedings under Section 13.1-75 before January 1, 1986, his current suit is governed by the former statute.

Defendants, however, claim that Harnett had no cause of action under Section 13.1-75 because he did not file a notice of dissent to the merger until one year after

the merger occurred. Section 13.1-75(c)(i)(A) requires a dissenting shareholder to give written notice to the corporation of his intention to dissent prior to the voting by stockholders on the merger. Section 13.1-75(g)(i)(1) makes failure to comply with this provision fatal to the stockholder's appraisal rights. However, Section 13.1-75(g)(i)(1) allows timely compliance with the provision to be excused if the failure was inadvertent and the court finds that such failure did not prejudice the corporation. Judge Bryan apparently found both inadvertence and lack of prejudice in the initial proceeding in federal district court. Indeed, Harnett alleges in his Bill of Complaint that he was never given the opportunity to dissent.

In fact, the entire statutory argument is irrelevant to this proceeding. The agreed order of February 16, 1984, in the initial federal district court action established Harnett's appraisal rights as of that date. Therefore, any inquiry as to whether those rights correctly correspond with the requirements of Section 13.1-75(c) is precluded by the order of the Federal District Court. His right to appraisal is already established. The function of the court in this proceeding is ministerial; it must determine the fair value of the stock, appointing an appraiser to receive the evidence if necessary. Va. Code Section 13.1-75(f). Even though the Court believes Harnett's remedy is predetermined by the judgment of the Federal District Court, general equitable principles run in his favor. Compliance with the appraisal statute by a dissenting stockholder may be relieved where fraud is present. *See, Adams v. U. S. Distributing Corp.,* 184 Va. 134, 147, 34 S.E.2d 244 (1945) (a dissenting stockholder must pursue the remedy prescribed by the appraisal statute unless the merger is tainted with fraud or illegality). In any event, defendants' demurrer on the ground that plaintiff no longer has a cause of action because Section 13.1-75 has been repealed is overruled.